UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL LoRUSSO,<br>Petitioner,<br>-against-<br>DONALD JOHN TRUMP,<br>Respondent. | 1:26-CV-5971 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Michael LoRusso, who is currently held in the Pinellas County Jail, in Clearwater, Pinellas County, Florida, and who appears *pro se*, brings this petition for a writ of *habeas corpus* asserting that he is being held in that facility without criminal charges. He names President Donald John Trump as Respondent. The Court construes the petition as challenging, under 28 U.S.C. § 2241, Petitioner's current detention in the Pinellas County Jail. For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Florida.

This Court lacks jurisdiction to consider this petition for *habeas corpus* relief under Section 2241. Generally, in order to entertain a petition for *habeas corpus* relief under Section 2241, a court must have jurisdiction over the person who has custody of the petitioner seeking such relief. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

President Trump, the named Respondent in this action, is not Petitioner's immediate custodian. At best, President Trump is a "remote supervisory official," as opposed to Petitioner's

actual immediate custodian. Petitioner's immediate custodian, the Warden of the Pinellas County Jail, is located in Pinellas County, Florida, which lies within the Middle District of Florida. *See* 28 U.S.C. § 89(b). Accordingly, in the interest of justice, this Court transfers this *habeas corpus* action to the United States District Court for the Middle District of Florida. *See* 28 U.S.C. §§ 1406(a), 1631.

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Middle District of Florida. *See* 28 U.S.C. §§ 1406(a), 1631. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this action in this court.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 20, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge